FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2015 JUL 16  AM 8: 32

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

ROBERT LEE MARTIN #1050629,
                              Plaintiff,

-vs-                                                    Case No.  A-15-CA-326-SS

THE  HON.  DAVID  CRAIN,  JUDGE  331ST
DISTRICT COURT, TRAVIS CO. TX,
                              Defendant.

---

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically the Report and Recommendation of the United States Magistrate Judge [#6], Plaintiff Robert Lee Martin's Objections [#9] and Supplemental Objections [#11], and Plaintiff's Motion for Leave to File an Amended Complaint [#10].  Having considered the documents, the file as a whole, and the governing law, the Court now enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  Having granted Martin leave to proceed *in forma pauperis* (IFP), the Magistrate Judge duly performed a review of his claims pursuant to 28 U.S.C. § 1915(e) and found they should be dismissed.  Martin is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections.  28 U.S.C. § 636(b)(1).  All other review is for plain error.  *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir.

2008).  Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

At the time he filed his complaint, Plaintiff Robert Lee Martin was confined in the Clements Unit of the Texas Department of Criminal Justice—Correctional Institutions Division.  Defendant is the Honorable David Crain of the 331st Judicial District Court of Travis County, Texas, who presided over Martin's criminal case, Cause No. D-1-DC-95-955530.  In that case, a jury convicted Martin of aggravated sexual assault and sentenced him to life in prison.

Martin claims he has filed three post-judgment motions in his state criminal case upon which Judge Crain's court has yet to rule.  According to Martin, the fact his motions remain pending has denied him of his rights to due process and equal protection.  Martin asks this Court to require Judge Crain (sic throughout) "to Consider and Rule on Plaintiff 3 post Conviction Motions pending before his Court.  Also in the Future have [Judge Crain] to rule on Plaintiff's Legal documents Filed in his Court in a reasonable amount of time instead of letting them Sit on the Court docket pending."  Compl. [#1-1] at 13.

## Analysis

As Martin is proceeding IFP, his complaint may be dismissed at any time if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).  *Pro se* complaints are liberally construed.  *Haines v. Kerner*, 404 U.S. 519 (1972).  However, *pro se* status does not afford the complainant "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with

meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

The Court agrees with the Magistrate Judge that dismissal of this suit as frivolous is appropriate. The Court has no power to grant the relief Martin seeks. Martin asks this Court to compel Judge Crain to rule upon motions Martin has filed in Judge Crain's court, a request properly construed as a petition for writ of mandamus. *See Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1275 (5th Cir. 1973). But "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Id.* at 1276. *See also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (federal court cannot control or interfere with state court litigation by way of mandamus); *White v. Ward*, 145 F.3d 1139, 1139 (10th Cir. 1998) (same); *Demos v. United States District Court*, 925 F.2d 1160, 1161 (9th Cir. 1991) (federal court lacks jurisdiction to issue a writ of mandamus to a state court). Martin's request this Court force a state judge to rule on a motion is frivolous as a matter of law. *See Demos*, 925 F.2d at 1161–62.

Martin strenuously objects to the Magistrate Judge's characterization of his complaint as a petition for writ of mandamus, and requests the Court grant him leave to amend his complaint "and fix the deficiency." Objections [#9] at 6. Martin's request is denied. Martin fails to explain how granting leave to amend his complaint would cure the "deficiency," given the core of Martin's complaint is his frustration with the length of time he has been waiting for a ruling and his desire such a ruling occur. Were Martin instead to seek damages, he would fare no better, as Judge Crain

is immune from suit for money damages.[1]  *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam) (collecting cases).  That immunity cannot be overcome by allegations of bad faith or malice. *Id.* at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).  Consequently, granting leave to amend would be futile.  The Court concludes Martin's suit is subject to dismissal as frivolous.

## Conclusion

The Court advises Martin if he files more than three actions or appeals while he is in custody which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

The Court further cautions Martin filing or pursuing any further frivolous lawsuits, similar to the one dismissed here, may result in serious sanctions or penalties, specifically: (1) the imposition of court costs pursuant to § 1915(f); (2) the imposition of significant monetary sanctions pursuant to FED. R. CIV. P. 11; (3) the imposition of an order barring him from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (4) the imposition of an order imposing some combination of these sanctions.

The Court finally warns Martin for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice—upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following

---

[1] A judge may be held liable for damages in only two sets of circumstances: "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or for "actions, though judicial in nature, taken in the complete absence of all jurisdiction."  *Mireles*, 502 U.S. at 11–12 (citations omitted).  Neither circumstance obtains in this case.

conviction of a felony or revocation of community supervision, parole, or mandatory supervision—is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  TEX. GOV'T CODE § 498.0045.

Accordingly,

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#6] is ACCEPTED;

IT IS FURTHER ORDERED that Plaintiff Robert Lee Martin's Objections [#9] and Supplemental Objections [#11] are OVERRULED;

IT IS FURTHER ORDERED that Plaintiff Robert Lee Martin's Motion for Leave to File an Amended Complaint [#10] is DENIED; and

IT IS FINALLY ORDERED that Plaintiff Robert Lee Martin's Complaint [#1] is DISMISSED WITH PREJUDICE as frivolous pursuant to 28 U.S.C. § 1915(e).

SIGNED this the _15_ day of July 2015.

_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE